FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 07 2007

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YVONNE COLEMAN,

       Plaintiff,

v.

CLAYTON COUNTY, GEORGIA,
CLAYTON COUNTY FIRE DEPARTMENT,
ELDRIN BELL, Chairman of the
Clayton County Board of
Commissioners, and ALEX
COHILAS, Clayton County Fire
Chief,

       Defendants.

CIVIL ACTION NO.

1:06-CV-1207-JEC

## O R D E R and O P I N I O N

This case is presently before the Court on plaintiff's Motion to Vacate, Set Aside Dismissal, and Reopen Case [11]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion [11] should be **DENIED**.

### BACKGROUND

Plaintiff alleges that the Clayton County Fire Department negligently failed to secure an oxygen canister while responding to a call at plaintiff's home. (*Id.* at ¶ 6.) As a result, the canister fell and struck plaintiff's foot. (*Id.* at ¶ 7.) Plaintiff filed

AO 72A
(Rev.8/82)

this action seeking damages for "physical and emotional injuries" arising from the oxygen canister incident. (*Id.*)

In her jurisdictional statement, plaintiff cited 28 U.S.C. § 1332, which is the statute that provides for diversity jurisdiction. (*Id.* at ¶ 1.) Plaintiff alleged that she was a citizen of Georgia, and that defendant Clayton County was "a governmental entity incorporated in the state of Georgia." (*Id.* at ¶¶ 2,3.) She maintained that diversity jurisdiction was proper because:

> the action is between citizens of State of Georgia, County of Clayton and the Clayton County Fire Department, states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

(Compl. at ¶ 1.)

Defendants made their first appearance by filing a motion to dismiss on June 30, 2006. (Defs.' Mot. to Dismiss [3].) In support of their motion, defendants argued that the Court did not have subject matter jurisdiction.[1] (*Id.* at 2-3.) They pointed out that § 1332 requires complete diversity of citizenship, and that all of the parties in this case are citizens of Georgia. (*Id.* at 2.)

Plaintiff did not respond to defendants' motion within 10 days, as required by Local Rule 7.1(B). Accordingly, on July 19, 2006, the

---

[1] Defendants also argued that plaintiff's claim was barred by sovereign and official immunity and that plaintiff's Complaint failed to state a claim against the individual defendants. (Defs.' Mot. to Dismiss [3] at 4-9.) It is not necessary for the Court to consider those arguments.

2

Court granted defendants' motion as unopposed. (Order [5].) The Court also noted in its Order that defendants were correct on the merits because "the stated ground for jurisdiction, diversity of citizenship, does not exist." (*Id.*) The clerk entered judgment against plaintiff on July 20, 2006. (Judgment [6].)

Plaintiff has now filed a belated objection to defendants' motion to dismiss, and a motion to vacate the judgment and reopen the case. (Pl.'s Objection to Defs.' Mot. to Dismiss ("Pl.'s Obj.")[8]; Pl.'s Mot. to Vacate and Set Aside Dismissal and to Reinstate the Case ("Pl.'s Mot. to Vacate")[11].) Plaintiff's motion to vacate is presently before the Court.

## DISCUSSION

Plaintiff does not set forth any legal grounds for her motion. The Court presumes that she is either asking the Court to reconsider its dismissal Order pursuant to Local Rule 7.2(E), or to set aside the judgment for "mistake, inadvertence, or excusable neglect" pursuant to Federal Rule of Civil Procedure 60(b). Neither rule provides a basis for granting plaintiff's motion.

Local Rule 7.2(E) authorizes a motion for reconsideration when "absolutely necessary." N.D. Ga. R. 7.2(E). "Reconsideration is only 'absolutely necessary' where there is: 1) newly discovered evidence; 2) an intervening development or change in controlling law; or 3) a need to correct a clear error of law or fact." *Bryan v.*

*Murphy,* 246 F.Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (Martin, J.) (citations omitted). A motion for reconsideration is not an appropriate mechanism to set forth new theories of law, or introduce new evidence, unless the evidence was previously unavailable. *Mays v. U.S. Postal Serv.,* 122 F.3d 43, 46 (11th Cir. 1997). Likewise, parties cannot use a motion for reconsideration to "relitigate old matters" or "raise argument[s] . . . that could have been raised prior to the entry of judgment." *Linet v. Vill. of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005). *See also, Mincey v. Head,* 206 F.3d 1106, 1137 (11th Cir. 2000) (noting that the function of a motion for reconsideration is not "to give the moving party another 'bite at the apple'").

Plaintiff does not rely on newly-discovered evidence or a change in the controlling law. (Pl.'s Mot. to Vacate [11].) Instead, plaintiff suggests that the dismissal Order is the result of a legal error, because the Court entered the Order "prior to [plaintiff's] twenty day response time." (*Id.* at ¶ 4.)

Plaintiff is mistaken about her response time. Pursuant to Local Rule 7.1(B), opposition to a motion to dismiss must be filed "not later than ten (10) days after service of the motion." N.D. Ga. R. 7.1(B). Defendants electronically filed their motion on June 30, 2006. (Defs.' Mot. to Dismiss [3].) The certificate of service attached to the motion indicates that the CM/ECF system automatically

4

notified plaintiff of the motion, via email. (*Id.*) In addition, defendants served plaintiff by regular mail on July 3, 2006. (Pl.'s Mot. to Vacate [11] at ¶ 2.) Plaintiff's response was therefore due, at the very latest, on July 14th. The Court did not enter its dismissal Order until July 19th. (Order [5].) As the Order was not the product of a "clear error of law," there are no grounds for reconsideration under Local Rule 7.2(E).

Neither is there any basis for vacating the judgment under Rule 60(b). Pursuant to Rule 60(b)(1), the Court may set aside a judgment for "mistake, inadvertence, or excusable neglect." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1294 (11th Cir. 2003). To prevail on a motion under Rule 60(b)(1), plaintiff must show that: 1) she had a meritorious argument that might have affected the outcome on the motion; 2) granting the motion would not result in prejudice to defendants; and 3) a good reason existed for her failure to respond to defendants' motion. *Id.* Plaintiff has made no attempt to meet these requirements.

In addition, plaintiff's belated response to defendants' motion to dismiss does not contain any meritorious arguments. (*See* Pl.'s Obj. [8].) The sole argument plaintiff asserts in opposition to defendants' motion is that the motion was "premature" because it was submitted before discovery began. (*Id.* at 2.) In support of this argument, plaintiff cites Rule 56, which governs motions for summary

5

judgment. (*Id.*)

Putting aside the fact that Rule 56 permits a defendant to file a motion for summary judgment "at any time," defendants in this case did not file a motion for summary judgment under Rule 56. They filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  (Defs.' Mot. to Dismiss [3].)  The Federal Rules contemplate that such motions will be filed before the parties conduct discovery, and indeed, often before the defendant submits any other responsive pleading.  *See* FED. R. CIV. P. 12(b)(1) (giving defendant the option of filing a motion to dismiss for lack of subject matter jurisdiction "before pleading if a further pleading is permitted").  Plaintiff is simply mistaken in her belief that defendants' motion was "premature."  Thus, her belated response does not support vacating the judgment under Rule 60(b).

Finally, and perhaps most importantly, dismissal was warranted on the merits.  Plaintiff filed this state negligence action in federal court on the purported ground of diversity jurisdiction.[2]

---

[2] In more recent pleadings, plaintiff refers to this case as a "civil rights action." (Pl.'s Obj. [8].) She also has submitted an Amended Complaint alleging that defendants violated her Fourteenth Amendment rights, and asserting a claim under § 1983. (*Id.*) The Court does not see how defendants' alleged actions--accidentally dropping an oxygen canister on plaintiff's foot--could by any stretch of the imagination have violated plaintiff's constitutional rights. In any case, plaintiff submitted her Amended Complaint after the Court had already dismissed this case, and the Court would not consider an amendment at this late date. (*Id.*)

However, it is apparent from the face of the Complaint that plaintiff and all of the defendants are residents of Georgia. (Compl. [1].) Accordingly, the Court does not have subject matter jurisdiction over this case, and dismissal is appropriate.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's Motion to Vacate, Set Aside Dismissal, and Reopen Case [11].

SO ORDERED, this ___7___ day of March, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE